# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARK E. TAYLOR, a/k/a, YAHCHAANA BEN YAHUDAH EL, </br></br> Plaintiff, </br></br> v. </br></br> EMILY SABI, YOCHANAN BEY ISRAEL, UREBEY KAZZIAH, ANDRE MATTHEWS, ALL OF EMILY SABI'S EMPLOYEES, </br></br> Defendants. | Case No. 2:20-cv-2266-MSN-atc |

## REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On April 7, 2020, Plaintiff Mark A. Taylor, a/k/a Yahchaana Ben Yahudah El ("Taylor"), filed a *pro se* complaint against the Defendants, Emily Sabi,[1] Yochanan Bey Israel, Urebey Kazziah, Andre Matthews, and all of Emily Sabi's employees. (ECF No. 1.) Taylor alleged violations of his rights under 42 U.S.C. § 1983 and 18 U.S.C. § 1961. On October 7, 2020, the Court granted Taylor's motion for leave to proceed *in forma pauperis*. (ECF No. 9.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

## PROPOSED FINDINGS OF FACT

Taylor used a court-provided template for his complaint, which is designed for alleging civil rights violations under 42 U.S.C. § 1983. The following findings of fact are based on the allegations contained within the complaint. Taylor alleges that, in February 2020, he agreed to

---

[1] Taylor's complaint also refers to Sabi as "Sebi" at various points.

rent a room from Emily Sabi at her property at 3093 Given Avenue in Memphis, Tennessee. (ECF No. 1, at 2.)  Taylor asserts that, while he was told the property would be inhabited by older people, a group that included six undisciplined children ranging from one to fourteen years old moved into the property.  (*Id.*)  Over a two-week span, the "brood" allegedly slashed Taylor's queen-sized air mattress with a knife and stole several of his belongings, including his Medicaid card, his daughter's picture, and his tennis racket.  (*Id.* at 3.)

When Taylor informed Sabi of the theft and property damage, she insisted he was the perpetrator.  (*Id.*)  Taylor alleges that Sabi then stole his drum and broke the dead bolt he had placed on his door.  (*Id.*)  Taylor alleges that his 2002 Jeep Laredo, and possibly other belongings, are still at the 3093 Given Avenue residence, but he will not return there "without the proper authorit[y]."  (*Id.*)  Taylor asserts that the other named Defendants, as well as Sabi's unnamed employees, are conspiring against him in violation of 18 U.S.C. § 1961, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other, unspecified sections of the United States Code.  (*Id.* at 4.)  He alleges the Defendants' actions are a "[d]irect violation of [his] U.S. Code Title 18 protections" and "cite[s] general Civil Rights violations and specific infractions by all of the co[-]conspirators."  (*Id.*)

## PROPOSED CONCLUSIONS OF LAW

**I.     28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the court's direction after the court conducts a screening under 28 U.S.C. § 1915(e)(2)(B).  Under that provision, the court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." This report and recommendation constitutes the Court's screening.

## II.     Standard of Review for Failure to State a Claim

To determine whether Taylor's complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th

Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**III.    Taylor's 42 U.S.C. § 1983 Claim**

Taylor alleges that Defendants have violated his civil rights and committed a conspiracy in doing so.  However, even when construing Taylor's complaint liberally, as the Court must do given his *pro se* status, the complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.  As a starting point, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Moldowan v. City of Warren*, 578 F.3d 351, 376 (6th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).  Section 1983 created a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755 (2005) (quoting 42 U.S.C. § 1983).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the 'Constitution and laws' of the United States (2) committed by a person acting under color of state law." *Gooch v. Jones*, No. 1:18-cv-01257-STA-jay, 2019 WL 3069870, at *2 (W.D. Tenn. June 21, 2019), *report and recommendation adopted*, No. 1:18-cv-01257-STA-jay, 2019 WL 3069456 (W.D. Tenn. July 12, 2019) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also Ross v. City of Memphis*, 394 F. Supp. 2d 1024, 1035 (W.D. Tenn. 2005). "Suit under § 1983 may be brought against only state actors and cannot be brought against private parties." *Salse v. Phillips*, No. 19-1067-JDT-cgc, 2019 WL 5310213, at *1 (W.D. Tenn. Oct. 18, 2019) (citing *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999)). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). Ultimately, "to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231–32 (6th Cir. 1997).

Taylor's allegations fail to satisfy either of the two required elements to state a claim under § 1983. First, Taylor does not state what specific federal rights he is alleging Defendants infringed upon, and the Court has not identified any. Second, even if Taylor had asserted a deprivation of his federal rights, he has also failed to allege that any of the Defendants, named or unnamed, were acting under the color of state law. Sabi, the principal offender identified in Taylor's complaint, owned the house in which he rented the room. Her alleged co-conspirators appear to have been other residents of the house. As alleged, all appear to be private citizens. None were operating under the color of state law. While it is possible in some circumstances for private persons to become state actors for claims under § 1983, Taylor's complaint fails to allege

5

any such scenario. *See Tahfs*, 316 F.3d at 590–91 (explaining that a "private party can fairly be said to be a state actor if (1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State'") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Accordingly, it is recommended that Taylor's claims under § 1983 be dismissed.[2]

Just as Taylor has failed to allege that his civil rights have been violated by any of the Defendants, he has also failed to allege that any of them engaged in any RICO violations under 18 U.S.C. § 1961. That statute outlines certain predicate offenses that qualify as "racketeering activity" and that can give rise to a RICO claim. Taylor's complaint does not identify which, if any, of those offenses he claims Defendants committed, and the list of RICO offenses does not include the type of theft and property damage that form the basis of Taylor's complaint. Moreover, "it is axiomatic that a civil RICO claim alleging racketeering activity with a single objective and a single victim is not sufficient to establish a pattern of racketeering activity, as it does not sufficiently evidence long-term criminal conduct." *Moses v. Gardner*, No. 14-CV-2706-SHL-dkv, 2017 WL 1364977, at *5 (W.D. Tenn. Apr. 12, 2017), *aff'd*, No. 17-5497, 2017

---

[2] Taylor's complaint does not explicitly allege Defendants violated 42 U.S.C. § 1985(3), which provides a cause of action against private conspirators. Nevertheless, to the extent the complaint can be said to implicitly make such an allegation, it also fails to state a claim under that code provision. "To demonstrate a private conspiracy under § 1985(3) the plaintiff must prove (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen." *Collyer*, 98 F.3d at 233 (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995)). In addition, such a conspiracy must be "motivated by racial, or other class based animus." *Id.* (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993)). Taylor's complaint does not allege the vaguely described conspiracy deprived him of equal protection of the laws or that it was motivated by racial or class-based animus.

WL 9251805 (6th Cir. Nov. 9, 2017) (citing *Vemco, Inc. v. Camardella*, 23 F.3d 129, 135 (6th Cir. 1995)).  There appears to be only one alleged victim—Taylor—and only one alleged objective—to damage and steal his property—identified in Taylor's complaint, which warrants dismissal of his RICO claim.  For all of the foregoing reasons, it is recommended that Taylor's claims under 18 U.S.C. § 1961 be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that all of Taylor's claims against the Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Respectfully submitted this 30th day of October, 2020.

> s/Annie T. Christoff
> ANNIE T. CHRISTOFF
> UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.